UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
HDI GLOBAL INSURANCE COMPANY,

                    Plaintiff,

      -against-

A. DUIE PYLE INC. and EX-WORKS, INC.,

                    Defendants.
_____

**MEMORANDUM & ORDER**
**25-CV-3299 (NGG) (TAM)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 12, 2025, Plaintiff HDI Global Insurance Company ("Plaintiff") instituted this action against Defendants A. Duie Pyle Inc. and Ex-Works, Inc., seeking to recover monetary damages based on Defendants' shipment of allegedly damaged valves. (*See generally* Compl. (Dkt. 1).) On October 6, 2025, the court entered Plaintiff's stipulation of dismissal as to Ex-Works, leaving A. Duie Pyle the sole defendant in this case. (Order Entering Stip. of Dismissal (Dkt. 13).)

On October 20, 2025, the assigned magistrate judge noted the deficiency in Plaintiff's purported waiver of service on Defendant A. Duie Pyle Inc., and ordered Plaintiff to file proper proof of service by October 24, 2025.[1] (Text Order Dated 10/20/2024.) Plaintiff did not do so.

Despite multiple warnings from Magistrate Judge Taryn A. Merkl, Plaintiff has repeatedly failed to file proof of service as required under Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"). (*See id.*; Text Order Dated 10/27/2025; Text Order Dated 11/12/2025.) Consequently, the court referred the

_____

[1] On July 22, 2025, Plaintiff filed a purported waiver of service as to Defendant A. Duie Pyle Inc., which would have rendered its answer due by September 22, 2025, except that it was executed only by Plaintiff's counsel. (*See* Unexecuted Waiver of Service (Dkt. 7).)

issue of whether this case should be dismissed under Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure to Magistrate Judge Merkl for a report and recommendation. (Order of Referral Dated 12/10/2025.) Magistrate Judge Merkl subsequently issued the annexed Report and Recommendation ("R&R"), recommending that this case be dismissed without prejudice pursuant to Rule 4(m), and that the case be closed. (R&R (Dkt. 14).) The court now ADOPTS the R&R in full.

## I.   STANDARD OF REVIEW

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections have been made, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) ("[Where] a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error.").[2] Clear error is "found only when, upon review of the entire record, the [c]ourt is left with 'the definite and firm conviction that a mistake has been committed.'" *See United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180 (E.D.N.Y. 2025) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

## II.   DISCUSSION

No party has objected to the R&R, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

Therefore, the court reviews the R&R for clear error. *Colvin*, 734 F. App'x at 758. (*See also* R&R at 3 ("Objections to this [R&R] must be filed . . . within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts.") (citations omitted).) Having found none, the court adopts the R&R in full.

In pertinent part, Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Given the Complaint was filed on June 12, 2025, Plaintiff was required to serve Defendant A. Duie Pyle Inc. by September 10, 2025. *Id.*; *see also* Fed. R. Civ. P. 6(a) (providing method for computing time). To date, Plaintiff has failed to file proper proof of service despite receiving adequate notice.[3] (*See* Unexecuted Waiver of Service; Text Order Dated 9/24/2025; Text Order Dated 10/20/2025; Text Order Dated 10/27/2025; Text Order Dated 11/12/2025.) Because Plaintiff has not shown good cause for its failure, the court must dismiss this action without prejudice. *See* Fed. R. Civ. P. 4(m).

---

[3] Indeed, Magistrate Judge Merkl specifically directed Plaintiff to file proper proof of service three times after the 90-day deadline had passed. (*See* Text Order Dated 10/20/2025; Text Order Dated 10/27/2025; Text Order Dated 11/12/2025.)

3

### III. CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in full. The case is therefore DISMISSED without prejudice for failure to comply with the service requirements of Rule 4(m). The Clerk of Court is respectfully DIRECTED to close the case.

SO ORDERED.

Dated:       Brooklyn, New York
             January 9, 2026

                                        s/Nicholas G. Garaufis
                                        _____
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
HDI GLOBAL INSURANCE COMPANY,

                Plaintiff,

       -against-

A. DUIE PYLE INC. and EX-WORKS,
INC.,

                Defendants.
---------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
25-CV-3299 (NGG) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

       On June 12, 2025, Plaintiff HDI Global Insurance Company ("Plaintiff") filed a complaint against Defendants A. Duie Pyle Inc. and Ex-Works, Inc. ("Defendants"), seeking a recovery under 49 U.S.C. § 14706[1] based on Defendants' interstate delivery of valves, which were alleged to have been damaged during shipping. Compl., ECF 1. On that date, the Clerk of Court issued summons for Defendants.[2] On July 15, 2025, Plaintiff filed an executed waiver of service as to Defendant Ex-Works, Inc., rendering its answer due September 9, 2025. ECF 6. On July 22, 2025, Plaintiff filed a purported waiver of service as to Defendant A. Duie Pyle Inc., which would have rendered its answer due by September 22, 2025, except that it was executed only by Plaintiff's counsel. ECF 7; *see* Oct. 20, 2025 ECF Order.

---

     [1] The Court notes that the complaint cites 49 U.S.C. § 1470, but based on the nature of the claim, the Court interprets this to be a case brought under the Carmack Amendment. Compl., ECF 1, ¶ 1.

     [2] Shortly after the Complaint was filed, the case was designated to participate in the Court's compulsory arbitration program. June 16, 2025 ECF Case Referral.

On September 24, 2025, the Court extended Defendants' time to answer to October 15, 2025, and directed Plaintiff to provide Defendants with a copy of the Court's Order by September 30, 2025, and to file proof of the same on ECF. Sept. 24, 2025 ECF Order. Plaintiff did not do so. Following the subsequent dismissal of Defendant Ex-Works, Inc.,[3] on October 20, 2025, the Court noted the deficiency in Plaintiff's purported waiver of service on Defendant A. Duie Pyle Inc., and ordered Plaintiff to file proper proof of service on ECF by October 24, 2025. To date, despite multiple warnings, Plaintiff has not filed proof of service. Accordingly, the Court recommends dismissal without prejudice under Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4 provides, in pertinent part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under Rule 4(m), Plaintiff was required to serve Defendant A. Duie Pyle Inc. with the complaint and summons by September 10, 2025. However, since filing this lawsuit on June 12, 2025, Plaintiff has failed to file proper proof of service as to that Defendant. *See* ECF 7 (unexecuted waiver of service); Sept. 24, 2025 ECF Order; Oct. 20, 2025 ECF Order; Oct. 27, 2025 ECF Order; Nov. 12, 2025 ECF Order.

The Court has specifically directed Plaintiff to file proper proof of service three times after the 90-day service deadline passed. First, on October 20, 2025, the Court observed that Plaintiff's purported waiver of service was not executed by anyone other

---

[3] *See* Letter Mot. for Pre-Mot. Conference, ECF 11 (indicating that Defendant Ex-Works, Inc., intended to move to dismiss the complaint); Stipulation of Dismissal, ECF 12; Oct. 6, 2025 Order, ECF 13 (entering stipulation of dismissal as to Defendant Ex-Works, Inc.).

than Plaintiff's counsel, and directed Plaintiff to file proper proof of service for the summons and complaint, the Court's September 24, 2025 Order, and the Court's October 20, 2025 Order by October 24, 2025. Oct. 20, 2025 ECF Order. Then, when Plaintiff failed to meet the October 24, 2025 deadline, the Court ordered Plaintiff to file proof of service by November 10, 2025, and warned Plaintiff that failure to do so could result in dismissal for failure to serve under Rule 4(m) and for failure to prosecute under Rule 41(b). Oct. 27, 2025 ECF Order (quoting Fed. R. Civ. P. 4(m), 41(b)). Finally, when Plaintiff again failed to meet this extended deadline, the Court again warned Plaintiff that failure to file proper service by December 3, 2025, would result in the instant recommendation for failure to serve under Rule 4(m). Nov. 12, 2025 ECF Order. Plaintiff again failed to file proof of service by the deadline. *See generally* Docket.

For the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

*     *     *     *     *

This Report and Recommendation will be filed electronically. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Nicholas G. Garaufis at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates

as a waiver of any further judicial review of the magistrate [judge's] decision"
(quotation marks omitted)).

SO ORDERED.

Dated: Brooklyn, New York
December 10, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

4